UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURMUKH SINGH,

               Petitioner,

v.

WARDEN GOLDEN STATE ANNEX
FACILITY, et al.,

               Respondents.

No. 1:26-cv-01320-DJC-JDP

ORDER

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").

Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders.  Petitioner entered the United States in November 2022 and was detained shortly after entry.  (Mot. at 7.)  Petitioner was released from custody on parole.  (*Id.* at 7.)  On July 23, 2025, Petitioner appeared for an appointment with ICE, and ICE re-detained Petitioner.  (*Id.* at 11.)  Petitioner was not provided with a written notice explaining the basis for revocation of his release or an opportunity to be heard.  (*Id.* at 8.)

1

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan. 30, 2026); *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard as required by both 8 C.F.R. § 212.5(e)(2)(i) and the Fifth Amendment Due Process Clause. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

The Court informed the parties that it intended to rule directly on the Petition. (ECF No. 6.) Neither party objected to the Court ruling on the merits of the Petition. Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2 of the Petition, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Gurmukh Singh from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 23, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3